**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ELECTRO-MECHANICAL RECERTIFIERS, L.L.C.,** | **CIVIL ACTION NO: 3:24-cv-652** |
| **Plaintiff** | |
| | **JUDGE** |
| **vs.** | |
| | **MAGISTRATE** |
| **SAMSUNG E&C AMERICA, INC.,** | |
| **Defendant** | |

## COMPLAINT

Plaintiff Electro-Mechanical Recertifiers, L.L.C. ("EMR" or "Plaintiff") sues Defendant Samsung E&C America, Inc. ("SECAI" or "Defendant") and states as follows:

### Statement of Jurisdiction and Venue

1. Plaintiff is a limited liability company organized under the laws of Louisiana that maintains its principal place of business in Louisiana. Defendant is a corporation organized under the laws of the state of Texas that maintains its principal place of business in Texas. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

2. Federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 is also vested under 18 U.S.C. § 1030 (Computer Fraud and Abuse Act), 18 U.S.C. § 2701 (Stored Communications Act), and Wire and 18 U.S. Code § 2520 (Electronic Communications Interception and Interception of Oral Communications).

3. Venue in this Honorable United States District Court for the Middle District of Louisiana is appropriate as Plaintiff asserts that 1) the contract between the parties stipulates that

"[a]ll disputes shall be resolved in a court of competent jurisdiction in East Baton Rouge Parish, Baton Rouge, Louisiana," 2) the computers and cell phones hacked and damaged by Defendant are used in or affecting interstate commerce or communication, and are devices connected to the internet, 3) Defendant damaged Plaintiff's protected computers located in the District, 4) Defendant hacked, trespassed, intentionally intercepted and accessed Plaintiff's stored data located in the District, and wire, oral, or electronic communication from devices located in the District.

**General Allegations**

4. At all times material, SECAI has served as the general contractor on a construction project for Samsung Austin Semiconductor located at or about 1530 FM 973, Taylor, Texas, 76574 ("Samsung Project"), which project is in part funded by the United States federal government.

5. In or around January 2024, prior to any involvement on the part of EMR, rainwater entered the unfinished or unsecured roof at the Samsung Project and impacted electrical gear consisting of 449 panels and related equipment ("Gear"), causing certain damage to the Gear and requiring restoration to allow for its continued use in the Samsung Project.

6. In early February 2024, SECAI requested that EMR perform consulting services, including an assessment of the impacted Gear and the preparation of a plan and proposal for cleaning and restoration of the Gear ("Consulting Work").

7. Thereafter, EMR and SECAI entered into a contractual agreement pursuant to which EMR was to perform the Consulting Work in exchange for payment on a time and expense basis with EMR's total compensation for the Consulting Work not to exceed $24,800.

8. EMR subsequently performed the Consulting Work and invoiced SECAI $24,108.52 for this work in accordance with the agreement between the parties. EMR invoiced its

Consulting Work on February 16, 2024. Under the contract executed by the parties, such payment was due to EMR on or before February 26, 2024.

9. Following EMR's completion of the Consulting Work, EMR and SECAI entered into a contractual agreement or modification pursuant to which EMR was to clean and restore the impacted electrical gear on the Samsung Project ("Restoration Work") in exchange for a lump sum of $4,300,000.00 (later reduced to $4,195,467.00), plus bond costs and any requested changes in the work. In the alternative, EMR and SECAI entered into a contractual agreement or modification pursuant to which EMR was to perform the Restoration Work in exchange for payment on a time and materials basis pursuant to rates and line-item pricing that EMR had submitted to SECAI and with a projected total cost of $4,300,000.00 (later reduced to $4,195,467.00), plus bond costs and any requested changes in the work.

10. Following preparations, including make ready activities, mobilization of equipment and trailers, coordination and briefings to supervisory staff, and administrative activities, key EMR personnel travelled to the Project location on or about February 21, 2024, and commenced the Restoration Work on or about February 23, 2024. Thereafter, EMR diligently performed until a meeting was held on March 8, 2024, at which time SECAI represented that a stop work order was forthcoming in light of weather and flooding.

11. After commencing the Restoration Work, EMR discovered that dust was present at the jobsite and on the Gear (a) was recurring due to unrelated grinding operations and (b) contained hazardous and otherwise problematic levels of silica. EMR then raised this issue with SECAI and communicated the need for the dust to be controlled. However, SECAI failed to control the dust and EMR continued to raise the issue and the need for a change order due to the differing site condition.

12. On March 11, 2024, 28 days after SECAI directed EMR to proceed and after EMR had completed a significant portion of the Restoration Work at SECAI's direction, SECAI sent EMR a letter ("May 11 Letter"), which was incorrectly dated May 7, 2024 and titled "SECAI's Formal Notice to EMR that its Services are not Required." In the May 11 Letter, SECAI stated that it "provid[ing] Formal Notice to EMR that SECAI will not be requiring any services of EMR for the [Samsung Project] including those related to the deep cleaning of electrical gear."

13. In its May 11 Letter, SECAI did not point to weather, flooding, or any other factor as the basis for its directive that EMR cease its work. Instead, SECAI states that it "has not and will not authorize or otherwise approve EMR to render any services . . . other than the consulting services rendered from Feb 7-11, 2024."

14. Following receipt of the May 11 Letter, EMR demobilized from the Project.

15. SECAI's anticipatory breach of contract set out in its May 11 Letter was not justified by any prior breach of contract by EMR or otherwise.

16. Prior to demobilizing from the project as directed by SECAI, EMR completed approximately 38.3% of the Restoration Work. EMR is entitled to payment in the amount of $1,606,863.86 from SECAI for its Restoration Work performed based on the contractual lump sum and the percentage of the work that EMR completed. In the alternative, EMR is entitled to payment of $1,295,909.13 from SECAI for this work based on its time, expenses/materials, and the rates and pricing that were agreed between the parties.

17. EMR invoiced SECAI for its Restoration Work as set forth below.

| **Invoice Date** | **Invoice Amount** |
|---|---|
| 3/5/24 | $80,307.14 |
| 3/5/24 | $195,082.40 |
| 3/5/24 | $366,541.85 |
| 3/17/24 | $568,537.08 |
| 3/17/24 | $55,985.50 |
| 3/30/24 | $29,482.16 |

18. Under Section 3.3(b) of the contract executed between the parties, the payments referenced above were due to EMR within 10 days of invoicing.

19. To date, the only payments SECAI has made to EMR for it Consulting and Restoration work are as follows:

a. $765,924.95 paid on May 28, 2024, and

b. $516,743.38 paid on June 26, 2024.

20. In addition to the scope of work and payment terms discussed above, the contract(s) between the parties referenced in Paragraphs 5 and 7 above also included the following provisions:

a. "Any payment due and unpaid . . . shall bear interest from the date payment is due to the date payment is made in full at the highest rate then permitted by law."

b. "All disputes shall be resolved in a court of competent jurisdiction in East Baton Rouge Parish, Baton Rouge, Louisiana."

c. "All interpretations are to be made in accordance with Louisiana law."

21. During the time that EMR was on the Project site and continuing thereafter in the Baton Rouge, La. area, Plaintiff's computers and cell phones were hacked and electronically stored information, private satellite video communications, and other communications personal and proprietary to EMR and its employees, was accessed, intercepted, disclosed, copied and damaged without permission, consent or authorization. Upon information and belief, these acts were intentionally committed by or on behalf of SECAI resulting in digital trespass by access without authorization or access that exceeds authorization, causing damage or loss aggregating in excess $5,000 in value including, but not limited to, loss of business, loss of business goodwill, the cost of conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages.

22. The computers and cell phones hacked and damaged by Defendant are devices connected to the internet and are used by Plaintiff in or affecting daily business operations and interstate commerce and communication.

**<u>Count I – Breach of Contract (Non-Payment on Work Performed)</u>**

23. Paragraphs 1 – 22 above are incorporated by reference herein.

24. SECAI's failure to pay EMR the amount(s) owed for EMR's performance of the Consulting Work and the Restoration Work constituted a breach of contract, which caused EMR damages in the amount(s) remaining outstanding.

25. As a result of SECAI's breach of contract, EMR has engaged and is obligated to pay a reasonable fee to its attorney(s). Moreover, EMR has presented the claim set forth herein to SECAI; more than 30 days have passed since such presentment; and SECAI has not tendered the just amount owed to EMR. Therefore, EMR is entitled to recover its attorney's fees from SECAI as permitted in law or in equity including pursuant to Tex. Civ. Prac. & Rem.Code Ann. § 38.002.

WHEREFORE, EMR demands judgment against SECAI for its money damages, plus pre-judgment interest, attorney's fees, all other recoverable costs, and such other relief as the Court deems just and proper in law or in equity.

**<u>Count II – Breach of Contract (Wrongful Termination)</u>**

26. Paragraphs 1 – 25 above are incorporated by reference herein.

27. As a result of SECAI's anticipatory breach and repudiation of the contract(s) between the parties set forth in the May 11 Letter, EMR has suffered money damages in the form of lost profits on the unfinished portion of the Restoration Work.

28. By its failure to maintain a safe working environment, and failure to prevent continued contamination of the work area, Defendant rendered performance impossible and/or unsafe for performance.

29. Upon information and belief, SECAI's May 11 Letter was an intentional concealment of SECAI's misappropriation of the proprietary systems and techniques used by Plaintiff to perform this highly technical electrical work so that SECAI could get others to perform the same work for a lower cost and avoid the site contamination issues raised by Plaintiff.

30. The termination of EMR was done as a pretext to conceal the misrepresentation, deception, or other unethical conduct.

WHEREFORE, EMR demands judgment against SECAI for its money damages, plus pre-judgment interest, recoverable costs, and such other relief as the Court deems just and proper in law or in equity.

**Count III – Quantum Meruit**

31. Paragraphs 1 – 30 above are incorporated by reference herein.

32. The count is pled in the alternative to Count I above.

33. SECAI requested, acquiesced in, and accepted EMR's provision of the Consulting Work and the Restoration Work with awareness that EMR expected compensation and was unjustly enriched thereby to the detriment of EMR.

WHEREFORE, EMR demands judgment against SECAI for the fair value of the Consulting Work and Restoration Work, recoverable costs, and such other relief as the Court deems just and proper in law or in equity.

**Count IV – Misappropriation of Trade Secrets (Texas Law)**

34. Paragraphs 1 – 33 above are incorporated by reference herein.

35. On or about February 20, 2024, under the premise that it would be paying EMR to perform the Restoration Work in total, SECAI requested that EMR provide certain trade secrets relating to the Restoration Work, including but not limited to a demonstration of EMR's work methods and a list of products and chemicals used to restore electrical gear and related information concerning means and methods for various levels of cleaning and restoration ("Trade Secrets").

36. EMR then disclosed some but not all of the Trade Secrets to SECAI in confidence.

37. Upon information and belief, subsequent to its express repudiation of the contract for the Restoration Work, SECAI has misappropriated the Trade Secrets, including those not disclosed by EMR but obtained by SECAI through illicit means including the hacking of Plaintiff's computers and cell phones, and utilized this information to either self-perform the remaining Restoration Work or have this work performed by others.

38. As a result of this misappropriation of information, EMR has suffered damages consisting of a "reasonable royalty" for SECAI's misappropriation and use.

WHEREFORE, EMR demands judgment against SECAI for its money damages, plus pre-judgment interest, recoverable costs, and such other relief as the Court deems just and proper in law or in equity.

**Count V – Louisiana Uniform Trade Secrets Act**

39. Paragraphs 1 – 38 above are incorporated by reference herein.

40. This count is pled in the alternative to Count IV above.

41. SECAI's acts set forth in Paragraphs 18 above constitute a violation of Federal law under misappropriation of a trade secret under the Louisiana Uniform Trade Secrets Act (LUTSA), La. R.S. § 51:1431-39.

42. As a result of the Misappropriation, EMR has incurred damages in the form of lost profits and is further entitled to receive any unjust enrichment of SECAI resulting from the Misappropriation.

43. As a result of the Misappropriation, EMR has engaged and is obligated to pay a reasonable fee to its attorney(s). Upon information and belief, the Misappropriation was willful and malicious on the part of SECAI, thus entitling EMR to reasonable attorney's fees under La. R.S. § 51.1434.

WHEREFORE, EMR demands judgment against SECAI for its money damages, unjust enrichment to SECAI, recoverable costs including attorney's fees, and such other relief as the Court deems just and proper in law or in equity.

**Count VI – Louisiana Unfair Trade Practices Act**

44. Paragraphs 1 – 43 above are incorporated by reference herein.

45. This count is pled in the alternative to Count IV above.

46. SECAI's acts set forth above and in particular, but not limited to, Paragraphs 35-38 ("Misappropriation") constitute "unfair methods of competition" and/or "unfair or deceptive acts or practices in the conduct of any trade or commerce" as referenced in La. R.S. § 51:1405.

47. As a result of the Misappropriation, EMR has incurred an "ascertainable loss of money" as referenced in La. R.S. § 51:1409 in the form of lost profits.

48. As a result of the Misappropriation, EMR has engaged and is obligated to pay a reasonable fee to its attorney(s).

49. Defendant's Misappropriation and hacking of communications and stored data has caused actual damages by Defendant then utilizing such information to wrongfully terminate EMR

and hire others to perform the EMR scope of work utilizing the EMR proprietary information wrongfully obtained by Defendant to the detriment of Plaintiff.

50. Upon information and belief, SECAI has developed or supplied a service using the stolen or misappropriated computer data to acquire the methods and techniques proprietary to EMR to perform or hire others to perform the work that SECAI contracted with EMR to perform, and such activity constitutes an unfair method of competition and unfair practice or act and shall subject the violator to any and all actions and penalties provided for in La. R.S. Title 51 Chapter 13 Unfair Trade Practices and Consumer Protection Law. La. R.S. § 51:1427.

WHEREFORE, EMR demands judgment against SECAI for its damages, and all other relief available at law or in equity, including an award of three times the actual damages sustained, reasonable attorney fees and costs, and such other relief as the Court deems just and proper.

**Count VII**

**Civil Action Under the Computer Fraud and Abuse Act, Stored Communications Act and Wire and Electronic Communications Interception and Interception of Oral Communications Law**

51. Paragraphs 1 – 50 above are incorporated by reference herein.

52. SECAI's acts set forth herein above constitute a violation of Federal Law pursuant to 18 U.S.C. § 1030 (Computer Fraud and Abuse Act), 18 U.S.C. § 2701 (Stored Communications Act), and Wire and 18 U.S. Code § 2520 (Electronic Communications Interception and Interception of Oral Communications).

53. As a result, EMR has suffered damages arising from the unlawful hacking of electronically stored information, private satellite video communications, and other communications personal and proprietary to EMR and its employees, by SECAI and/or others acting on behalf of SECAI, who accessed, intercepted, disclosed, copied and damaged this information without permission, consent or authorization.

54. Upon information and belief, these acts were intentionally committed by or on behalf of SECAI resulting in digital trespass by access without authorization or access that exceeds authorization, causing damage or loss aggregating in excess $5,000 in value including, but not limited to, loss of business, loss of business goodwill, the cost of conducting a damage assessment, and restoring the data and its integrity, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages.

WHEREFORE, EMR demands judgment against SECAI for its money damages deemed reasonable in the premises, and all other damages available at law or in equity, including attorney's fees, and such other relief as the Court deems just and proper.

EMR further pray for trial by jury.

RESPECTFULLY SUBMITTED,

**BREAZEALE, SACHSE & WILSON, L.L.P.**
One American Place, 23rd Floor
Post Office Box 3197
Baton Rouge, Louisiana 70821-3197
Telephone: 225-387-4000
Facsimile: 225-381-8029
Email: Steven.Loeb@bswllp.com
Jacob.Roussel@bswllp.com

*Steven B. Loeb*

Steven B. Loeb, La Bar Roll No. 19443
Jacob E. Roussel, La. Bar Roll No. 34742
*Counsel for Electro-Mechanical Recertifiers, L.L.C.*

Please serve:

SAMSUNG E&C AMERICA, INC.
Through its Louisiana Registered Agent:
CAPITOL CORPORATE SERVICES, INC.
8550 UNITED PLAZA BUILDING II, STE. 305
BATON ROUGE, LA 70809